UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NICK KIKALOS and | ) | |
| HELEN KIKALOS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:98-CV-618-TS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION & ORDER**

The Plaintiffs in this case have sued the federal government for a refund of federal income taxes. The case has twice been tried to a jury, both times resulting in a verdict for the government. The long history of this case is set forth in the appellate opinion setting aside the first verdict. *See Kikalos v. United States*, 408 F.3d 900 (7th Cir. 2005).

This matter is now before the Court on the Defendant's and the Plaintiffs' motions for judgment as a matter of law. The motions were made orally at trial at the close of the Plaintiff's case and at the close of all the evidence. The motions were renewed afer the jury returned its verdict, as required by Rule 50. Because the jury returned a verdict in favor of the Defendant, the Court denies as moot the Defendant's motion. For the reasons set forth below, the Court also denies the Plaintiffs' motion.

**A.     Standard of Review**

Federal Rule of Civil Procedure 50 allows a court to enter judgment as a matter of law when the motion is first offered or to reserve judgment on the motion until after a jury has returned its verdict. Fed. R. Civ. P. 50(b). In this case, the Court reserved judgment on the

Plaintiffs' motion and submitted the case to the jury, and the jury returned a verdict for the Defendant. A judgment as a matter or law is granted when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . . Fed. R. Civ. P. 50(a). "[T]he standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

In viewing the facts presented on a motion for summary judgment , a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443. "Since judgment as a matter of law deprives the party opposing the motion of a determination of the facts by a jury, it should be granted cautiously and sparingly." 9A Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 2524 (2d ed. 1995); *see also Gower v. Vercler*, 377 F.3d 661, 666 (7th Cir. 2004) (jury verdict "cannot be lightly set aside").

**B.     Analysis**

The Plaintiffs presented two grounds for their Rule 50 motion. First, the Plaintiffs argued

2

that the government's conduct was arbitrary in choosing to utilize the percentage-markup method and in its application of that method. As to this ground, the Plaintiffs argued that the government picked numbers out of thin of air in determining the Plaintiffs' tax burden, and that as a result the burden of proof should be shifted to the government. Second, the Plaintiffs argued that their books and records accurately reflected their sales, and since the amount of sales was the only issue in dispute, they were entitled to judgment as a matter of law.

### 1.   *Burden of Proof*

"The action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him." *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932). In a tax refund case, the taxpayer carries both the burden of production and persuasion that he or she is entitled to a refund and as to the amount of the refund owed. *See United States v. Janis*, 428 U.S. 433, 440 (1976); *Ruth v. United States*, 823 F.2d 1091, 1093 (7th Cir. 1987). When suit is "brought to recover taxes already paid, the presumption is that they were lawfully assessed and the burden rests on the taxpayer to prove the facts which establish their illegality." *Phillips v. Dime Trust & Safe Deposit Co.*, 284 U.S. 160, 167 (1931). However,

> in quite limited circumstances courts recognize that an assessment should not be accorded even a rebuttable presumption of correctness. For example, when the assessment is shown to be without rational foundation or arbitrary and erroneous, the presumption should not be recognized. As long as the procedures used and the evidence relied upon by the government to determine the assessment had a rational foundation, the inquiry focuses on the merits of the tax liability, not on IRS procedures. Thus, to rebut the presumption of correctness and shift the burden to the Commissioner, the taxpayer must demonstrate that the Commissioner's deficiency assessment lacks a rational foundation or is arbitrary and excessive.

3

*Pittman v. Comm'r*, 100 F.3d 1308, 1313 (7th Cir. 1996) (ellipses, quotation marks and internal citations omitted). The presumption is maintained so long as the Commissioner has "some minimal factual predicate." *Id.* at 1317.

Because the Plaintiffs destroyed the best evidence of their sales figures, the Z-tapes, the government was "entitled to estimate the Plaintiffs' total receipts and the income that those receipts yielded (gross receipts minus costs of goods sold) indirectly." *Kikalos*, 408 F.3d at 901. The government was permitted to utilize any indirect method it believed clearly reflected income. 26 U.S.C. § 446. The percentage-markup method was one such acceptable method.

The Plaintiffs believe the choice of this method was arbitrary because the government utilized other methods in other tax years. Specifically, the Plaintiffs believe the bank deposits and net-worth methods would have been more appropriate methods. However, the government introduced evidence at trial that these two methods are were inadequate because they fail to capture cash not deposited or not converted into assets reflected in the taxpayers' net worth. For example, the government introduced evidence that the Plaintiffs spent tens of thousands of dollars in cash on gambling vacations and that they gave their children cash gifts worth tens of thousands of dollars. These expenditures would not be captured by the bank deposits or net-worth methods. The testimony of both experts also confirmed these handicaps with the Plaintiffs' preferred indirect methods.

This evidence provides at least the minimal factual predicate required of the government for choosing the percentage-markup method, and the burden of proof therefore correctly remained with the Plaintiff. As for the Plaintiffs' claim that the government chose numbers out

4

of thin air when it utilized the percentage-markup method, the record simply does not support such a claim. The government's expert explained with painstaking detail the bases for each of his calculations, the assumptions inherent in them, and their limitations.

The Plaintiffs' first argument does not provide an adequate basis for judgment as a matter of law.

### 2. *Accuracy of the Plaintiffs' Books and Records*

The Plaintiffs' second argument in support of their Rule 50 motion is that since only the amount of the Plaintiffs' sales is in dispute, and the Plaintiffs' books and records are accurate, the great weight of the evidence establishes that the Plaintiffs are entitled to a refund. The trouble with this argument is that the determination of whether or not the books and records are accurate is almost entirely dependent upon Mr. Kikalos's credibility. On a Rule 50 motion, the trial court may not make credibility determinations, as those determinations are exclusively within the province of the jury. *See EEOC v.Bd. of Regents of Univ. of Wis. Sys.*, 288 F.3d 296, 301 (7th Cir. 2002).

The Court cannot set aside the jury's verdict in this case based on its own determination of Mr. Kikalos's credibility. Among other attacks on Mr. Kikalos's credibility, the government introduced evidence suggesting that a significant number of cash invoices are not reflected in the Plaintiffs' books and records. The jury was entitled to credit this evidence, and the Court cannot second guess that determination. This second argument is therefore also an inadequate basis for judgment as a matter of law.

**D.     Conclusion**

For the reasons stated, the Plaintiffs' renewed motion for judgment as a matter of law is **DENIED**. The Defendant's renewed motion for judgment as a matter of law is **DENIED AS MOOT**. Judgment is ENTERED for the Defendant and against the Plaintiffs.

SO ORDERED on April 11, 2008.

                                       s/ Theresa L. Springmann
                                      THERESA L. SPRINGMANN
                                      UNITED STATES DISTRICT COURT